THE STATE EX REL. HOSKINS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Hoskins v. Indus.
Comm.* (1999), 85 Ohio St.3d 670.]

(No. 97–573—Submitted May 18, 1999—Decided June 23, 1999.)

*Eric R. Dieterich,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellee Industrial Commission.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A.,* and *John F. Burke III,* for appellee Boyas Excavating.

---

***Per Curiam.***   Ohio Adm.Code 4121:1–3–19(H)(2) reads:

"(H)  Removal of steel construction.

" * * *

"(2)  Dropping structural steel.

"Employees shall not be required to drop structural steel except into a specially barricaded or otherwise fully protected area."

The commission concluded that claimant was not "dropping structural steel" when injured, rendering the provision inapplicable.   Upon review, we find no abuse of discretion.

Two tenets control.   First, where a relevant term is not defined by the safety code, its interpretation rests exclusively with the commission.   *State ex rel. Berry v. Indus. Comm.* (1983), 4 Ohio St.3d 193, 4 OBR 513, 448 N.E.2d 134.   Second, specific safety requirements "must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer." *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1218–1219.

In this case, the commission found that the act of cutting steel with a cutting torch did not involve "dropping structural steel."   Based on the principles just cited, we do not find the commission's interpretation to be unreasonable.

The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.