[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 670.]

THE STATE EX REL. HOSKINS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Hoskins v. Indus. Comm*., 1999-Ohio-333.]

*Workers' compensation—Violation of a specific safety requirement alleged— Removal of steel construction—Ohio Adm.Code 4121:1-3-19(H)(2)—Act of cutting steel with a torch does not involve "dropping structural steel."*

(No. 97-573—Submitted May 18, 1999—Decided June 23, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD04-440.

————————————

{¶ 1} Appellant-claimant, John Hoskins, was employed as a laborer/burner for appellee Boyas Excavating. On July 29, 1989, claimant and a co-worker were removing beams from a steel plant that was being demolished.

{¶ 2} The beams, which were part of the plant's blast furnace, were vertically imbedded into what remained of the plant's concrete floor. Removal required the use of a three-foot cutting torch to sever the beams. According to claimant, ideally, "when the beam was cut, it was supposed to lay down on to the platform." On this occasion, however, one of the beams twisted the wrong way and began to tip towards claimant. Claimant jumped from the platform — which was on an incline — and injured himself in the fall.

{¶ 3} After his workers' compensation claim was allowed, claimant sought additional compensation, alleging that Boyas had violated a specific safety requirement — Ohio Adm.Code 4121:1-3-19(H)(2). A staff hearing officer for appellee Industrial Commission of Ohio denied his application because claimant "has cited no specific safety requirement adopted by the General Assembly or the Industrial Commission which was violated * * *.

**{¶ 4}** "The claimant has alleged a violation of 4121:1-3-19(H)(2), which states, 'Employees shall not be required to drop structural steel except into a specially barricaded or otherwise fully protected area.'

**{¶ 5}** "The claimant was injured when he jumped off of a platform to avoid a beam that he thought was going to hit him. The beam was not falling the way that was intended but was falling the wrong way.

**{¶ 6}** "The claimant was not actually injured by the beam, which did not hit him. He was injured by the jump off the platform and subsequent fall.

**{¶ 7}** "The Staff Hearing Officer finds that the operation being performed was not that of dropping steel but rather was [of] cutting steel. The Staff Hearing Officer further finds that even if the operation was considered dropping steel, the proximate cause of claimant's injury was not the alleged violation but rather the claimant's own acts of jumping and falling."

**{¶ 8}** Reconsideration was denied.

**{¶ 9}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his VSSR application. The court of appeals disagreed and denied the writ.

**{¶ 10}** This cause is now before this court upon an appeal as of right.

———————————

*Eric R. Dieterich*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee Industrial Commission.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A.,* and *John F. Burke III*, for appellee Boyas Excavating.

———————————

***Per Curiam.***

**{¶ 11}** Ohio Adm.Code 4121:1-3-19(H)(2) reads:

"(H) Removal of steel construction.

" * * *

"(2) Dropping structural steel.

"Employees shall not be required to drop structural steel except into a specially barricaded or otherwise fully protected area."

{¶ 12} The commission concluded that claimant was not "dropping structural steel" when injured, rendering the provision inapplicable. Upon review, we find no abuse of discretion.

{¶ 13} Two tenets control. First, where a relevant term is not defined by the safety code, its interpretation rests exclusively with the commission. *State ex rel. Berry v. Indus. Comm.* (1983), 4 Ohio St.3d 193, 4 OBR 513, 448 N.E.2d 134. Second, specific safety requirements "must be strictly construed, and all reasonable doubts concerning the interpretation of the safety standard are to be construed against its applicability to the employer." *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1218-1219.

{¶ 14} In this case, the commission found that the act of cutting steel with a cutting torch did not involve "dropping structural steel." Based on the principles just cited, we do not find the commission's interpretation to be unreasonable.

{¶ 15} The judgment of the court of appeals is accordingly affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____